FILED FOR RECORD 01/28/2021 14:12:25
Courtney M. Knight, DY CLERK
JEFFERSON PARISH, LA

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 814-328

DIVISION "A"

DOMINIC VARRECCHIO

VERSUS

PENN NATIONAL GAMING, INC., d/b/a BOOMTOWN CASINO HOTEL NEW ORLEANS, a casino and hotel business located and conducting business at the location of 4132 Peters Road, Harvey, Louisiana 70058, BRAD HIRSCH, and various Unidentified PENN NATIONAL GAMING, INC., d/b/a BOOMTOWN CASINO HOTEL NEW ORLEANS Employees

_____          _____
FILED:                            DEPUTY CLERK

## PETITION FOR DAMAGES

The petition of DOMINIC VARRECCHIO, a person of full age of majority and resident of the Parish of Orleans, State of Louisiana, for all legal claims and damages suffered from an accident with injuries at the Boomtown Casino Hotel New Orleans, conducting business and located at 4132 Peters Road, Harvey (Jefferson Parish), Louisiana on or about February 19, 2020, which does with respect represent the following:

I.

The following defendants are jointly, severally and *in solido* indebted to petitioner, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

II.

The following parties are made defendants in this suit:

A. **PENN NATIONAL GAMING, INC., d/b/a BOOMTOWN CASINO HOTEL NEW ORLEANS, a casino and hotel business located and conducting business at the location of 4132 Peters Road, Harvey, Louisiana 70058 (hereinafter sometimes referred to as "BOOMTOWN"),** a foreign corporation and/or partnership authorized to do and doing business in the State of Louisiana, and conducting a retail casino business and hotel advertized as the "Boomtown Casino Hotel New Orleans" at the location of 4132 Peters Road, Harvey (Jefferson Parish),

Exhibit A

Louisiana at all times pertinent hereto, and having ownership as well as custody and care, or "garde", over said premises, including the casino hotel where this defendant's and/or their employees, agents or contractors neglect and negligence created the hazards and dangers, and unreasonable risk of harm, to patrons such as your petitioner, and more specifically, created the particular hazard and unsafe condition causing the January 19, 2020 accident, injuries and damages to your petitioner in the particulars alleged below;

B. **BRAD HIRSCH, Vice President and General Manager of the aforementioned PENN NATIONAL GAMING, INC., d/b/a BOOMTOWN CASINO HOTEL NEW ORLEANS** retail casino business and hotel advertized as the "Boomtown Casino Hotel New Orleans" at the location of 4132 Peters Road, Harvey (Jefferson Parish), Louisiana, a person reasonably presumed to be a person of the full age of majority and a resident and domiciliary of the State of Louisiana, and at all times pertinent hereto, the Executive actually accountable responsible for the defendant BOOMTOWN employees ,agents or contractors neglect and negligence created the hazards and dangers, and unreasonable risk of harm, to patrons such as your petitioner, and more specifically, created the particular hazard and unsafe conditions causing the February 19, 2020 accident, injuries and damages to your petitioner in the particulars alleged below;

C. **VARIOUS UNIDENTIFIED LOCAL EMPLOYEES OF PENN NATIONAL GAMING, INC., d/b/a BOOMTOWN CASINO HOTEL NEW ORLEANS,** retail casino business and hotel advertized as the "Boomtown Casino Hotel New Orleans" at the location of 4132 Peters Road, Harvey (Jefferson Parish), Louisiana, all persons reasonably presumed to be a persons of the full age of majority and residents and domiciliaries of the State of Louisiana, and at all times pertinent hereto, the employees, agents or contractors actually responsible for the negligence and neglect which created the hazards and dangers, and unreasonable risk of harm, to

2

patrons such as your petitioner, and more specifically, created the particular hazard and unsafe condition causing the February 19, 2020 accident, injuries and damages to your petitioner in the particulars alleged below;

III.

Venue is proper as Jefferson Parish is where the accident occurred and where the damages were sustained (L.S.A. C.C.P. Art. 76).

IV.

On or about February 19, 2020, petitioner DOMINIC VARRECCHIO was a patron/business invitee of the Boomtown Belle Casino Westbank Casino Hotel, in a regular assigned hotel room, when he was normally and properly using the toilet in the bathroom and when he attempted arise from the toilet seat, the toilet seat completely detached from the actual toilet, causing the Petitioner to quickly and dangerously fall off of the toilet seat, to hit his head on the hard edge of the wash basin and shelves immediately adjacent to the toilet, and then caused Petition to fall hard unto the bathroom floor, injuring his head, neck, back, knees and left Achilles heal. Upon arising from the bathroom floor the Petitioner immediately soon after contacted Boomtown Hotel management about the accident, and soon thereafter Boomtown Hotel Security personnel reported to the Petitioner's hotel room, inspected the toilet and broken, detached toilet seat, took photographs of the scene, took a narrative report of the accident from the Petitioner, and gave the Petitioner a receipt or copy of the accident report title page.

Upon observing the broken and detached toilet seat, Petitioner noted that it was of a very cheap, inadequate, very slippery plastic variety with very cheap and inadequate attachments to the larger toilet apparatus. Petitioner requested that the Boomtown Security personnel reporting to his room to take photos of the accident scene please retain and preserve the broken and detached toilet seat, and those Boomtown employees offered to do so. Your Petitioner was injured in the accident and immediately began suffering from the pain and effects of his

3

injuries, and immediately began medical care, treatment and medication for his injuries.

As Petitioner had immediately reported the accident and injuries to the proper defendant BOOMTOWN security and management personnel, the defendant BOOMTOWN was promptly placed on notice of this claim and had a duty to preserve all records and evidence involving this accident.

In addition, Petitioner asserts that the defendant BRAD HIRSCH, Vice President and General Manager of the aforementioned PENN NATIONAL GAMING, INC., d/b/a BOOMTOWN CASINO HOTEL NEW ORLEANS retail casino business and hotel advertized as the "Boomtown Casino Hotel New Orleans" at the location of 4132 Peters Road, Harvey (Jefferson Parish), Louisiana, is legally liable to your Petitioner for his acts of neglect and negligence in failing to properly monitor, supervise, direct or otherwise oversee the operations of the Casino Hotel and the safety and protection of customers and business invitees such as your Petitioner, given that defendant BRAD HIRSCH is the Executive actually accountable and responsible for the defendant BOOMTOWN employees ,agents or contractors neglect and negligence created the hazards and dangers, and unreasonable risk of harm, to patrons such as your petitioner, and more specifically, created the particular hazard and unsafe condition causing the February 19, 2020 accident, injuries and damages to your petitioner in the particulars alleged below.

Additionally, Petitioner asserts that the defendants VARIOUS UNIDENTIFIED LOCAL EMPLOYEES OF PENN NATIONAL GAMING, INC., d/b/a BOOMTOWN CASINO HOTEL NEW ORLEANS (hereinafter sometimes referred to as "VARIOUS BOOMTOWN EMPLOYEES"), retail casino business and hotel advertized as the "Boomtown Casino Hotel New Orleans" at the location of 4132 Peters Road, Harvey (Jefferson Parish), Louisiana, are responsible for the defendant BOOMTOWN employees ,agents or contractors neglect and negligence created the hazards and dangers, and unreasonable risk of harm, to patrons such as your petitioner, and more specifically, created the particular hazard and unsafe condition causing the February 19, 2020 accident,

4

injuries and damages to your petitioner in the particulars alleged below. These defendants, again presumed to be Louisiana domiciliaries and residents, will be properly identified and added as defendants here via proper discovery.

V.

Petitioner DOMINIC VARRECCHIO was not at fault for this accident, nor was he contributorily negligent. His injuries were caused solely by the fault, negligence, neglect, carelessness, and liability of the aforementioned defendant BOOMTOWN, and/or these defendants' employees, contractors or agents, in the following particulars:

a. Defendants' and/or employees, contractors or agents' failure to maintain safe custody or "garde" of the hotel room bathroom facility premises and equipment in order to prevent the placement of foreseeable hidden dangers and hazards to your Petitioner and similarly situated business invitees, including the allowing of cheap and inadequate quality toilet seats and connectors, and/or allowing the faulty or or improper inadequate installation of same, thus causing the failure of the toilet seat and/or attachments which in turn was the direct and sole cause of the accident and injuries such as that which occurred to your petitioner on February 19, 2020;

b. Failure to maintain a reasonably safe bathroom facilities for visitors and business invitees;

c. Failure to take necessary tests, inspections or replacement of the hotel room bathroom facility premises and equipment in order to prevent the foreseeable hidden dangers and hazards to your Petitioner and similarly situated business invitees, including the allowing of cheap and inadequate quality toilet seats and connectors, and/or allowing the faulty or improper inadequate installation of same that were the cause of this accident, and these defendants allowing those hidden dangers to exist in a manner that subjected business invitees such as your petitioner to hidden and unreasonable risk of harm;

d. Failure to post warnings or remediation to those hidden dangers presented to business invitees such as your petitioner as described herein;

5

e. Failure to use non-slip or adequately anchored toilet seats which would have prevented this accident that caused those injuries and losses suffered by your petitioner herein;

f. Failure to properly maintain, inspect and supervise premises, more particularly, the quality and safety/utility of those of the hotel room bathroom facility premises and equipment in order to prevent the placement of or allowing to exist those foreseeable hidden dangers and hazards to your Petitioner and similarly situated business invitees, including the allowing of cheap and inadequate quality toilet seats and connectors, and/or allowing the faulty or improper inadequate installation of same where this accident and losses to your petitioner occurred;

g. Failure to warn visitors and residents of the dangerous nature of the hotel room bathroom premises where this accident and losses to your petitioner occurred;

h. Failure to take steps to avoid this incident; and

i. Such other acts of negligence as will be shown at trial.

All of the above acts of negligence and/or omissions were in violation of the laws of the State of Louisiana and applicable Jefferson Parish ordinances, which are hereby pleaded and which are adopted by this reference as if set forth at point *in extensio*.

VI.

Again, petitioner DOMINIC VARRECCHIO was not at fault for this accident, nor was he contributory negligent. In the alternative, and assuming that the facts direct the following, your petitioner asserts here that his accident of February 19, 2020 and related injuries and losses were caused solely, or jointly, by the fault, negligence, neglect, carelessness, and liability of the defendant BOOMTOWN, as well as any other named defendants here, in the above-stated list of particulars.

VII.

Petitioner DOMINIC VARRECCHIO, avers that as a direct and proximate cause of the aforementioned actions and acts, and the neglect and negligence of all defendants herein, Petitioner was made to sustain damages in the following

6

non-exclusive list particulars:

A. Past, present, and future physical pain and suffering;

B. Past, present, and future emotional and mental anguish;

C. Past, present, and future medical expenses;

D. Past, present, and future lost wages, business opportunity, and career opportunity, and loss of enjoyment of life;

E. Petitioner's concern for and distress over the effect of his injuries and disability and loss of ability to earn an income

F. Lost time, costs and resources for necessary medical care and treatment caused solely by the injuries suffered due to the intentional and/or negligent acts of the defendants here;

G. Damage to petitioner's credit rating due to the ability and/or inability to pay the medical billings incurred here caused solely by the injuries suffered due to the intentional and/or negligent acts of the defendants here;

H. Lost time with family and friends due to injuries and pain keeping Petitioner away from regular or anticipated family and social activities;

I. Pain and suffering, both physical and mental/emotional: past, present and future;

J. Bodily disability: past, present and future;

K. Loss of use/function of parts of his body: past, present and future;

L. Los of enjoyment of life: past, present and future;

M. Disability from engaging in recreation: past, present and future; and,

N. Any and all other damages which shall be proven at trial.

VIII.

The accident was caused by the negligence of the defendants, jointly, severally and *in solido*, in the following aspects, among others, which will be shown at the trial hereof:

    a. Failure to properly design, install, equip, and/or maintain the hotel room bathroom premises;, most particularly the toilet seat installation and upkeep;

    b. Failure to properly inspect the premises;

    c. Defendants' purchase of, installation of, and decision to use inadequate and unsafe toilet seats and bathroom equipment in the hotel room bathrooms and more particularly the Petitioner's hotel room

7

bathroom where this accident occurred;

d. Failure to see what they should have seen;

e. Failure to do what they should have done;

e. Failure to provide an expected safe hotel room bathroom use environment for their customers;

f. Failure to warn customers against hazards or unsafe conditions;

g. Failure to properly supervise staff, employees, contractors and/or agents responsible for the quality and safety of the hotel room bathrooms;

h. Failure to implement policies and procedures for maintaining those described premises;

i. Any and all other acts of negligence or inattention

which may be shown at the trial hereof.

IX.

Petitioner pleads the doctrine of strict liability.

X.

Petitioner pleads the doctrine of res ipsa loquitur.

WHEREFORE, your petitioner DOMINIC VARRECCHIO respectfully requests that the defendants in this matter, PENN NATIONAL GAMING, INC., d/b/a BOOMTOWN CASINO HOTEL NEW ORLEANS, BRAD HIRSCH, and at a later date after identification, VARIOUS UNIDENTIFIED LOCAL BOOMTOWN EMPLOYEES, be served with this petition, and after due proceedings be had, there be a judgment in favor of your petitioner, DOMINIC VARRECCHIO, and against the defendants, jointly, severally and *in solido*, in an amount which is reasonably believed here to exceed the jurisdictional amount required for a trial by jury, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings. Further petitioner prays for all other general and equitable relief as may be deemed necessary by this Honorable Court.

8

Exhibit A

Case 2:21-cv-00413-SSV-DPC   Document 1-1   Filed 02/25/21   Page 9 of 9

Respectfully Submitted,

_____
DOMINIC N. VARRECCHIO, #19456
Attorney and Plaintiff in Proper Person
1539 Jackson Avenue, #100
New Orleans, LA 70130
Tel.: (504) 524-8600
Email: knic55@cox.net

**PLEASE SERVE:**

**BOOMTOWN CASINO HOTEL NEW ORLEANS, through**
Brad Hirsch, Vice President and General Manager
4132 Peters Road
Harvey, Louisiana 70058

PENN NATIONAL GAMING, INC.
d/b/a BOOMTOWN CASINO HOTEL NEW ORLEANS
Through it's registered agent for service of process
C.T. Corporation System
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
_Karen M. Evens_
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON LA

9

Exhibit A