IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOMINIC VARRECCHIO** ) | |
| ) | **CIVIL ACTION NO.: 21-cv-00413** |
| **VERSUS** ) | |
| ) | |
| **PENN NATIONAL GAMING, INC.,** ) | |
| d/b/a **BOOMTOWN CASINO HOTEL** ) | **JUDGE:    Sarah S. Vance** |
| **NEW ORLEANS**, a casino and hotel ) | |
| business located and conducting ) | |
| business at the location of 4132 ) | |
| Peters Road, Harvey, Louisiana ) | **MAGISTRATE JUDGE:** |
| 70058, **BRAD HIRSCH**, and various ) | **Donna Phillips Currault** |
| Unidentified **PENN NATIONAL** ) | |
| **GAMING, INC.**, d/b/a **BOOMTOWN** ) | |
| **CASINO HOTEL NEW ORLEANS** ) | |
| **Employees** ) | |

_____

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### RULE 12(b)(6) MOTION TO DISMISS
_____

Defendant, Brad Hirsch ("Hirsch"), respectfully submits the instant Memorandum in Support of its Motion to Dismiss Plaintiff's Petition, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.    RELEVANT FACTUAL BACKGROUND:

On January 28, 2021, Plaintiff, Dominic Varrecchio ("Plaintiff"), filed a Petition for Damages, wherein he alleged that on February 20, 2020, while he was a guest at Boomtown Casino Hotel New Orleans, he sustained bodily injury after falling from a toilet seat situated in the bathroom of this hotel suite.[1]  Plaintiff further alleged his fall was attributable to a defect in the toilet seat itself, which he claims was constructed with "very cheap, inadequate, very slippery" plastic with "cheap and inadequate" attachments to the

---

[1] *See* Paragraph IV of Plaintiff's Petition for Damages, attached hereto as Exhibit "A."

underlying toilet.[2]

As noted in Defendant's properly and timely filed Notice of Removal, Brad Hirsch, a non-diverse Defendant, was improperly joined in the instant action, in an attempt to destroy diversity. Specifically, Plaintiff alleges that Hirsch, as general manager of Boomtown New Orleans, is individually liable for acts of negligence in failing to properly monitor, supervise, direct, or otherwise oversee operations and guest safety and protection at Boomtown New Orleans.[3] Plaintiff further alleges Hirsch is "actually accountable and responsible" for the negligence of Boomtown employees, agents, or contractors, and appears to allege that Hirsch created the alleged particular hazard that purportedly caused Plaintiff's damages.[4]

## II.   LAW & ARGUMENT:

### a.   *Legal Standard Applicable to a Rule 12(b)(6) Motion:*

Plaintiff's Petition, on its face, fails to allege sufficient facts that would implicate liability on the part of Hirsch and, as such, Plaintiff's claims against Hirsch should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. The United States Supreme Court has held that in evaluating the sufficiency of a plaintiff's complaint, federal courts must: (1) identify and disregard all legal conclusions in the complaint; and (2) determine whether the remaining factual allegations plausibly suggest a particular defendant's liability.[5] Moreover, facial plausibility requires facts that would allow the court to ". . . draw the reasonable inference

---

[2] *Id.*
[3] *See id* at Paragraph II, Subparagraph B.
[4] *Id.*
[5] 556 U.S. 662, 678-79 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007).

that the defendant is liable for the misconduct alleged."[6]   It follows that a plaintiff's "[f]actual allegations must be enough to raise a right to relief beyond a speculative level."[7]

### b. Applicable Louisiana Jurisprudential Authority Concerning Personal Liability of a Defendant-Employee:

The Louisiana Supreme Court has held an employee can only be held individually liable to a third party for breach of an employment-imposed duty if such a breach arises from personal, as opposed to technical or vicarious, fault.[8]   Moreover, an employee is personally liable only if: (1) the employee owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; and (3) the defendant-employee breached the duty through his own fault and lack of ordinary care.[9]   Nevertheless, a defendant-employee's general administrative responsibility is insufficient to impose personal liability.[10]   Indeed, the defendant-employee must have an independent personal duty to the plaintiff that was not delegated to another employee.[11]

### c. The Factual Allegations of Plaintiff's Petition Fail to Provide a Reasonable Basis to Predict Hirsch is Liable for Plaintiff's State Law Negligence Claims:

Plaintiff's Petition fails to allege any facts that would implicate an independent personal duty and/or personal fault for breach of such a duty on the part of Hirsch; rather, Plaintiff only alleges Hirsch is liable for negligence by reason of his general administrative responsibilities as general manager of Boomtown.[12]

Hirsch executed a Declaration, wherein he declared that he was, in fact, employed

---

[6] *Iqbal* at 678 (internal citations omitted).
[7] *Twombly* at 555.
[8] *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973).
[9] *McCoy v. Bergeron*, 1992 U.S. Dist. LEXIS 2437, at *5-6 (E.D. La. Feb. 26, 1992).; see also, *Roussell v. Pbf Consultants*, 2020 U.S. Dist. LEXIS 186050, at *15-16 (M.D. La. Sep. 18, 2020).
[10] *Id.*
[11] *Elder v. Wal-Mart Stores, Inc.*, 751 F.Supp. 639, 641 (E.D. La. 1990) (citing *Miller v. Upjohn Co.*, 465 So.2d 42, 47 (La. App. 1st Cir.), *writ denied*, 467 So.2d 533 (La. 1985)).
[12] *See* Exhibit "A."

in a general administrative capacity and was at no time personally responsible for the training or supervision of Boomtown employees, contractors, and sub-contractors, nor was he personally responsible for the formulation and/or implementation of Boomtown's maintenance policies and procedures.[13] Likewise, Hirsch was not personally responsible for the design, specification, selection, purchase, procurement, installation, maintenance, and/or replacement of any equipment, fixtures, or appurtenances in Boomtown hotel rooms, including toilets and/or toilet seats.[14] Moreover, Hirsch was not personally responsible for quality control/assurance, guest security and protection, nor was he personally responsible for risk and safety management.[15]

Conversely, at the time of the incident giving rise to this litigation, Hirsch possessed no independent employment-delegated duties with respect to any of the aforesaid duties. Responsibility for these duties had instead been delegated, with due care, to the Boomtown employees, contractors, and/or subcontractors who had the appropriate level of skill and expertise in those areas.[16]

Moreover, Hirsch did not create the alleged hazardous condition which purportedly caused Plaintiff's damages, nor did he possess any actual or constructive knowledge of the alleged hazard.[17] Additionally, Hirsch has no personal knowledge of any similar incidents occurring on Boomtown's premises prior or subsequent to the alleged incident.[18] Lastly, Hirsch was not physically present on the Boomtown premises at the time of the alleged incident, and has never met Plaintiff or otherwise had any personal

---

[13] *See* Declaration of Brad Hirsch, attached hereto as Exhibit "B."
[14] *Id*.
[15] *Id*.
[16] *Id*.
[17] *Id*.
[18] *Id*.

contact with Plaintiff.[19]

It follows Hirsch was joined in the instant litigation for the sole purpose of defeating diversity of citizenship, given Plaintiff's Petition fails to plausibly suggest allege any facts that would allow the Court to draw a reasonable inference, beyond a speculative level, that Louisiana law will impose personal liability on Hirsch for Plaintiff's claims. Consequently, Plaintiff's Petition fails to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. CONCLUSION:

Accordingly, Plaintiff's Petition, on its face, is insufficient, insofar as it fails to allege facts that would implicate liability on the part of Hirsch and, as such, Plaintiff's claims against Hirsch should be dismissed, with prejudice, and at Plaintiff's cost, in accordance with Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

Respectfully submitted:

**ADAMS HOEFER HOLWADEL, LLC**

   s/   *Kyle M. Truxillo*
**D. RUSSELL HOLWADEL (#16975)**
**BRUCE R. HOEFER, JR. (#6889)**
**PHILLIP J. REW (#25843)**
**HEATHER E. REZNIK (#29175)**
**KYLE M. TRUXILLO (#38920)**
**RICHARD R. STEDMAN, II (#29435)**
400 Poydras Street, Suite 2450
New Orleans, Louisiana  70130
Telephone:   (504) 581-2606
Facsimile:    (504) 525-1488
***Attorneys for Defendant, Brad Hirsch***

---

[19] *Id.*

## CERTIFICATE OF SERVICE

I do hereby certify on March 12, 2021, the undersigned electronically filed the foregoing Memorandum in Support of Rule 12(b)(6) Motion to Dismiss with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel.

                                      */s/ Kyle M. Truxillo*
                                      **KYLE M. TRUXILLO**