UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DOMINIC VARRECCHIO | CIVIL ACTION |
| VERSUS | NO. 21-413 |
| PENN NATIONAL GAMING, ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is plaintiff Dominic Varrecchio's motion to remand this matter to state court.[1] Also before the Court are defendant Brad Hirsch's motion to dismiss for failure to state a claim,[2] and defendant Penn National Gaming's ("PNG") motion for summary judgment.[3] Because the Court finds that it lacks diversity jurisdiction, the Court grants plaintiff's motion to remand and dismisses defendants' motions.

### I. BACKGROUND

This case arises from an alleged accident on the premises of defendant's casino hotel. Plaintiff, a citizen of Louisiana, alleges that, as a guest at defendant's Boomtown Casino Hotel on February 19, 2020, he fell

---

[1] R. Doc. 12.
[2] R. Doc. 11.
[3] R. Doc. 14.

off his toilet and sustained injuries.[4] On January 28, 2021, plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, alleging that defendants' negligence caused his injuries.[5] His complaint named PNG, the hotel's alleged owner, Brad Hirsch, the hotel's alleged Vice President and General Manager, and various unnamed hotel employees.[6]

Defendants removed this action to federal court, contending that Louisiana defendant Brad Hirsch was fraudulently joined to destroy diversity, and that complete diversity exists between plaintiff and PNG, a Pennsylvania corporation.[7] Defendant Hirsch moved to dismiss plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6).[8] PNG moved for summary judgment under Rule 56, contending that it contractually delegated the duties owed to plaintiff to Ramelli Janitorial Services, Inc. ("Ramelli").[9]

Following PNG's motion for summary judgment, plaintiff sought leave to amend his complaint to add Ramelli, a Louisiana corporation, as a

---

[4] R. Doc. 1-1 ¶ 4.
[5] *Id.* ¶ 5.
[6] *Id.* ¶ 4.
[7] R. Doc. 1 ¶ 3, 6.
[8] R. Doc. 11.
[9] R. Doc. 14 at 2-3.

defendant.[10]  The Court granted plaintiff's motion,[11] and plaintiff filed his amended complaint, alleging that Ramelli's negligence caused his injuries.[12]

Plaintiff now moves for remand on the grounds that the addition of Ramelli destroyed diversity and, accordingly, this Court's subject-matter jurisdiction.[13]  Defendants do not dispute that the joinder of Ramelli deprives this Court of jurisdiction, but instead ask the Court to rule on defendant Hirsch's motion to dismiss before ruling on plaintiff's motion for remand.[14]  The Court considers the parties' arguments below.

## II. DISCUSSION

A defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity.  *See McLaughlin v.*

---

10   R. Doc. 29.
11   R. Doc. 40.
12   R. Doc. 41 ¶ 4.
13   R. Doc. 46.
14   R. Doc. 49.

3

*Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). The Court may permit joinder of a non-diverse defendant after removal. 28 U.S.C. § 1447(e). Once it permits joinder of a non-diverse defendant, it must remand the case to state court. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

The parties do not dispute that plaintiff is a Louisiana citizen. Further, plaintiff alleges, and defendants PNG and Hirsch do not dispute, that Ramelli is a Louisiana corporation.[15] Further, defendants do not dispute that Ramelli was properly joined as a defendant in this matter. Accordingly, the Court finds that Ramelli is a citizen of Louisiana for the purposes of diversity jurisdiction. Because plaintiff and Ramelli are citizens of the same state, the requirements of complete diversity under 28 U.S.C. § 1332 are no longer satisfied. *McLaughlin*, 376 F.3d at 353. Therefore, the Court must remand this matter to state court. *Cobb*, 186 F.3d at 677.

Having found that the Court lacks subject-matter jurisdiction, the Court is without authority to rule on defendant Hirsch's motion to dismiss, or defendant PNG's motion for summary judgment. The Court dismisses the defendants' motions.

---

[15] R. Doc. 41 at 3 ¶ 1. The Court also notes that defendant's purported contract with Ramelli states that Ramelli is a Louisiana corporation, maintaining an address in New Orleans. *See* R. Doc. 14-7 at 1, 7.

4

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand. The Court hereby remands this matter to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. PNG's motion for summary judgment and Hirsch's motion to dismiss for failure to state a claim are DISMISSED for lack of jurisdiction.

New Orleans, Louisiana, this __9th__ day of July, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE